UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CHRISTINE MARIE KOHUS, *et al.*,

    Plaintiffs,

v.

JOHN G. WRIGHT, *et al.*,

    Defendants.

Civil Action No. 3: 26-54-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Co-plaintiff Kristine Kohus has filed a *pro se* civil complaint on behalf of herself, her two minor children, and her adult son. [R. 1] The Court will grant her motion to proceed *in forma pauperis*, [R. 3], because it appears that she lacks sufficient income or assets to pay the $405.00 filing fee.

The Court must review the complaint prior to service of process. *See* 28 U.S.C. § 1915(e)(2). On the basis of that review, the Court will dismiss this action without prejudice for several reasons. First, Kohus did not file her *pro se* complaint asserting claims under Section 1983 on the Court's approved Form EDKY 520 as required by the Court's Local Rules. LR 5.3(a)(3). Second, Kohus's fifty-page complaint – which includes 11 claims against 37 named defendants and 3 separate memorandum of law in support of her claims – does not satisfy Rule 8(a)'s requirement that her factual allegations and legal claims be "short and plain." The inclusion of legal arguments in a complaint is neither necessary nor appropriate. *Cf. Diamond v. Pa. State Educ. Ass'n*, No. 3:18-CV-128, 2019 WL 13334818, at \*2 (W.D. Pa. Jan. 31, 2019). And a plaintiff cannot broadly assert a claim against "the defendants" without making clear what each individual defendant did or failed to do that constituted a violation of the plaintiff's rights. *See Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012); *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019). Third, Kohus's inclusion of approximately 200 pages of exhibits is excessive: exhibits do not constitute evidence, and they should be limited to documents

that are referenced in the pleading and/or essential to its claims. Fed. R. Civ. P. 10(c); *Sandoval v. Lopez*, No. 1:23-CV-00248-JLT-SKO (PC), 2025 WL 437015, at *1 (E.D. Cal. Feb. 7, 2025) ("Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court."). If Kohus chooses to file a new civil case, she must utilize the Court's approved form and clearly explain the factual and legal basis for each claim against each defendant.

There are more foundational problems with the complaint. Kohus states that the case centers around 84 acres of land in Gallatin County that is allegedly owned by Gerald Schauer, her adult son. *See* [R. 1 at 2]  But Kohus says that she hasn't seen or heard from Schauer in more than 7 years, *see id.*, and he did not sign the complaint. Kohus also names her two minor children as co-plaintiffs in the complaint, who also did not sign the complaint. And Kohus disavows any direct personal stake in the claims she asserts. *See id*. at 3. These allegations indicate that Kohus herself lacks standing to assert the claims set forth in the complaint. Further, a plaintiff can assert her own claims *pro se*, but she cannot represent others in that capacity. *Olagues v. Timken*, 908 F.3d 200 (6th Cir. 2018); *Rayner v. Rees*, No. 3:07 CV P124 S, 2007 WL 2258835, at *1 (W.D. Ky. July 31, 2007). Nor may a person represent the interests of another as next friend unless she herself is represented by counsel. 28 U.S.C. § 1654; *Carre v. Nutton*, No. 25-CV-11628, 2025 WL 2166009, at *1 (E.D. Mich. July 30, 2025). And Kentucky's curator statute, Ky. Rev. Stat. 395.410, applies in state probate proceedings, not in federal court.

For each of these reasons, the Court will dismiss this action without prejudice.

Accordingly, it is **ORDERED** as follows:

1.      The motion to proceed *in forma pauperis*, [R. 3], is **GRANTED**.

2.      The complaint, [R. 1], is **DISMISSED** without prejudice.

3.      All remaining motions, [R. 4]; [R. 5]; [R. 6]; [R. 7]; are **DENIED** as moot.

4.      This matter is **STRICKEN** from the docket.

Entered:  July 14, 2026.

**Signed By:**

**_Karen K. Caldwell_**   KKC

**United States District Judge**